## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **RODNEY D. JACKSON, #02563461** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:25cv381** |
| | § | |
| **NURSE JAMIE B., ET AL.** | § | |

### MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Rodney D. Jackson filed a civil rights action pursuant to 42 U.S.C. § 1983. On March 12, 2026, the court ordered Plaintiff to either pay the $405.00 filing fee or submit a certified *in forma pauperis* data sheet, or equivalent, reflecting his last six months of financial activity from his inmate trust account, within fourteen days from receipt of the order. (Dkt. #15). When Plaintiff failed to timely comply with that order, the court entered a Memorandum Opinion and Order (Dkt. #16) and Final Judgment (Dkt. #17) on May 26, 2026, dismissing the case without prejudice for failure to prosecute.

On or about June 8, 2026, Plaintiff filed correspondence explaining that, because he is currently "incarcerated [he] [does not] personally have access to" his "trust fund account summary" and that "the facility [he] was in at the time (Grayson County Jail) made [him] give them all the required information and they [would] send the copy [of his trust account activity] [to the court] themselves." (Dkt. #18). He points out that the Grayson County Jail sent a copy of his trust account activity in his other civil rights case. *See* Civil Action No. 4:25-cv-00364-AGD at Dkt. #11.

1

The court construes Plaintiff's correspondence as seeking relief from judgment in this action. "A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under [Federal] Rule [of Civil Procedure] 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)," depending on "when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Because the filing was mailed within twenty-eight days of entry of judgment, it is properly construed as a motion seeking relief under Rule 59(e). *See* Fed. R. Civ. P. 59(e) (requiring motion to be filed within twenty-eight days of entry of judgment); *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (recognizing that *pro se* prisoners file their federal pleadings when they place them in the prison mail system).

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error of law or fact. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

2

Plaintiff's allegations do not implicate either an intervening change in law or the availability of new evidence, but they do arguably implicate a manifest error of fact. His filings show that, when he initiated the case, he was confined in the Grayson County Jail, and that he attempted to comply with the court's orders to submit a certified data sheet, or equivalent, but had difficulty doing so because of Grayson County Jail's policies and procedures. (Dkt. ##6, 13, 18). However, Plaintiff is currently in TDCJ custody—and was so when the court entered the latest Order (Dkt. #15)—but he has not submitted an updated data sheet from his TDCJ custodian. To the extent Plaintiff misunderstood the court's Order (Dkt. #15) as requiring him to submit a data sheet from Grayson County Jail, rather than his current TDCJ custodian, the balance tips in favor of the need to reopen the case to allow Plaintiff an opportunity to submit an updated certified data sheet, or equivalent, reflecting his last six months of financial activity from his TDCJ inmate trust account.

It is accordingly **ORDERED** that Plaintiff's construed Rule 59(e) motion (Dkt. #18) is **GRANTED**. The Clerk of Court is **ORDERED** to **VACATE** the Memorandum Opinion and Order (Dkt. #16) and Final Judgment (Dkt. #17) and **REOPEN** the case.

It is further **ORDERED** that the Clerk of Court **RESTORE** Plaintiff's application to proceed *in forma pauperis* (Dkt. #10) to pending status.

It is finally **ORDERED** that Plaintiff has fourteen (14) days from the receipt of this Order to either pay the $405.00 filing fee or submit a certified *in forma pauperis* data sheet. The certified *in forma pauperis* data sheet, or equivalent, should reflect his last six months of financial activity from his TDCJ inmate trust fund account.

Plaintiff is admonished that failure to comply with or respond to this Order may result in dismissal of the case under Federal Rule of Civil Procedure 41(b) for want of prosecution.

**SIGNED this 1st day of July, 2026.**


_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE

4